## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JAMES FONTENEAUX,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. H-05-4033** |
| § | |
| **SHELL OIL COMPANY and SHELL** § | |
| **INFORMATION TECHNOLOGY** § | |
| **INTERNATIONAL, INC.,** § | |
| § | |
| **Defendants.** § | |

### MEMORANDUM AND ORDER

On August 22, 2007, the Court issued a Memorandum and Order (Docket #44) ("the Order") granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice. Subsequently, on September 21, 2007, Plaintiff filed a Motion for New Trial and Reconsideration of Summary Judgment Memorandum and Order (Docket #46) alleging various defects with the Order. For the following reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The motion for new trial is **DENIED** as untimely; the motion for reconsideration is **GRANTED** for the limited purpose of reconsidering the Court's ruling on Plaintiff's claim under 42 U.S.C. § 1981.

Under Rule 59 of the Federal Rules of Civil Procedure, motions for new trials and amendments of judgments must be filed no later than ten days after entry of the judgment. This timing deadline may not be extended by a waiver of the parties or by a rule of the district court. *U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995) ("The requirement that post-trial motions be filed within the relevant ten day period after entry of judgment is jurisdictional, and may not be extended by a waiver of the parties or by a rule of the district

court."); *Vincent v. Consolidated Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994) ("The district court is powerless to rule on an untimely 59(e) motion."); *Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984), *cert. denied*, 470 U.S. 1086 (1985) ("The time limit fixed by Rule 59(e) is jurisdictional: it may not be extended by waiver of the parties or by rule of the district court. The mover's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment."). Because the Court lacks jurisdiction to grant a new trial, Plaintiff's motion for a new trial must be **DENIED**.

However, Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for reconsideration "within a reasonable time" (and, in cases of mistake, not more than one year after the order). The Court may grant a motion to reconsider an order for purposes of, among other things, correcting mistakes or "any other reason justifying relief from the operation of the judgment." In this case, Plaintiff's motion to reconsider was timely under Rule 60(b), and the Court agrees that Plaintiff deserves a more full adjudication of its § 1981 claim, which was not fully briefed by either side. The Plaintiff's motion for reconsideration is therefore **GRANTED** for the limited purpose of reconsidering the Court's ruling on Plaintiff's § 1981 claim. Any additional writings shall be submitted by October 12, 2007.

**IT IS SO ORDERED.**

**SIGNED** this 2nd day of October , 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT

2