## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JAMES FONTENEAUX,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § **CIVIL ACTION NO. H-05-4033** |
| | § |
| **SHELL OIL COMPANY and SHELL** | § |
| **INFORMATION TECHNOLOGY** | § |
| **INTERNATIONAL, INC.,** | § |
| | § |
| **Defendants.** | § |

### MEMORANDUM AND ORDER

At Plaintiff's request, the Court has agreed to reconsider its decision to grant

Defendants' Motion for Summary Judgment (Doc. No. 37, granted at Doc. No. 44).

Specifically, Plaintiff's Motion for Reconsideration was granted for the limited purpose

of reconsidering Plaintiff's claims of race discrimination under 42 U.S.C. § 1981. Both

Plaintiff and Defendants have submitted supplemental briefs.

As an initial matter, "when used as parallel causes of action, Title VII [42 U.S.C.

§§ 2000(e) *et seq.*] and section 1981 require the same proof to establish liability."

*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) (*citing*

*Bunch v. Bullard*, 795 F.2d 384, 387 n.1 (5th Cir. 1986)); *see also Roberson v. Alltell Info*

*Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Therefore, the Court declines to review those

discrimination claims that it has already decided on the merits, specifically, Plaintiff's

claim that he was denied a promotion to the Strategic Relations Account Manager

position and later terminated from that position because of his race (*see* Doc. No. 44 at 5-

7), and Plaintiff's claim that Defendants retaliated against him for complaining about discrimination (*see* Doc. No. 44 at 11-14).

Unlike Title VII claims, however, the Fifth Circuit does not subject § 1981 claims to an administrative exhaustion requirement. *Hill v. American Airlines*, 479 F.2d 1057, 1060 (5th Cir. 1973). Therefore, each of Plaintiff's claims that was dismissed under Title VII for only that reason merits further discussion here. Specifically, Plaintiff claims that he was denied three different promotions (Category Manager of IT Software, Category Manager of IT Hardware, and two Manager Strategic Relations and Procurement ("SR&P") positions), that he was denied a promotion in pay grade by a former supervisor, and that he was discriminated against in compensation because of his race.

## I.    Promotions to Category Manager of IT Software and Category Manager of IT Hardware

Plaintiff has failed to prosecute these claims over the course of litigation. As Defendants note in their Supplemental Memorandum, Plaintiff did not reference these claims in initial disclosures, did not refer to them in written discovery, and did not attempt to depose the person who made the allegedly discriminatory hiring decisions. (Defs.' Supp. Memorandum, Doc. No. 56, at 9.) The only exceptions to Plaintiff's total disregard of these claims are Plaintiff's Second Amended Original Complaint alleging generally that he was denied promotions (Doc. No. 9 at 4, 6, 8-9), and his own affidavit, in which he discusses the positions by name (Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 8). Other than these passing mentions, however, the Court is unaware of a single deposition, affidavit, interrogatory, or brief that attempts to investigate or explain

the circumstances surrounding these positions.   "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).   Plaintiff cannot hope to defend against summary judgment on the basis of claims he has not attempted to substantiate.   Even when the general complaint and Plaintiff's passing mention of the positions in his affidavit are viewed in the light most favorable to Plaintiff, no genuine issue of material fact exists with regard to these claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and no reasonable jury could find that Plaintiff has established the *prima facie* case of discrimination required to support them, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Summary judgment is therefore granted for Defendants with regard to these claims.

## II.     Manager Strategic Relations & Procurement Department

Plaintiff's failure-to-promote claims with respect to two Manager Strategic Relations & Procurement Department positions are barred by Texas' two-year statute of limitations.   TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002).   Plaintiff contends that the federal "catch all" four-year statute of limitations, 28 U.S.C. § 1658(a), should apply to these claims.   We disagree.   Section 1658(a) applies only to those causes of action "arising under an Act of Congress enacted after [December 1, 1990]" that do not contain a specific statute of limitations; all acts prior to that date are deemed to incorporate the most closely analogous state statute of limitations.   *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 371 (2004).   In *Jones*, the Supreme Court noted that although § 1981 was originally enacted as part of the Civil Rights Act of 1866, it was subsequently amended in 1991 to expand the class of causes of action that arise under it.

*Id.* at 372-73.  The Supreme Court therefore directed that, in determining whether a given cause of action brought under § 1981 must meet the state or federal statute of limitations, courts must determine whether the cause of action arose under the original version the statute and is thus subject to a state limitations period, or whether it arose under the 1991 amendment and is thus subject to the federal "catch all" limitations period.  *Id.* at 381-83.

For § 1981 claims based on an employer's failure to promote an employee, the Supreme Court has held that the original version of the statute covered only those promotions that provide "the opportunity for a new and distinct relation between the employee and the employer. . . ."  *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989), *superseded by statute on other grounds as stated in Malone v. Bodycote Heat Treatment*, 2007 WL 2572177, at *5 (S.D. Tex. 2007); *see also Cross v. The Home Depot*, 390 F.3d 1283, 1288-89 (10th Cir. 2004).  That determination requires comparing the employee's position at the time with the position denied to the employee.  *Harrison v. Associates Corp. of North America*, 917 F.2d 195, 198 (5th Cir. 1990).  Therefore, to determine whether Plaintiff's claim for Defendants' failure to promote him to Manager SR&P, the Court must compare Plaintiff's position at the time with his would-be position to determine whether the promotion would have created a new and distinct relation with Defendants.  "In determining whether a particular promotion rises to the level of a new and distinct relation between employer and employee, the court must compare the nature of the employee's current duties, compensation, and benefits and [the nature of the employee's] duties, compensation, benefits in the different position in question."  *Harrison v. Associates Corp. of North America*, 917 F.2d 195, 197-98 (5th Cir. 1990).

Starting in June 2002, Plaintiff worked as the Strategic Relations Manager for Microsoft and the Oracle Corporation where, by his own description, he oversaw supplier-management practices and helped to design value added services for major business partners. (*See* Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 6.) This role provided Plaintiff with knowledge of supplier sales schemes and focused on developing business strategies that responded to the needs of Defendants' sophisticated technology suppliers. There is no evidence that the role involved supervising other employees. In contrast, the Manager SR&P positions were supervisory positions, the responsibilities of which ranged much more broadly than Plaintiff's position as Strategic Relations Manager. Again by Plaintiff's own description, the Manager SR&P positions entailed responsibility for more than just supplier relations and information technology, but also for procurement and sales. (*See* Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Docket No. 39, at 6 (describing Kristine Moore as unqualified for the position because she lacked experience in each of these areas)).

Surely not every promotion entails a "new and distinct relation between the employee and the employer" such that the original § 1981 would have provided a claim for relief. Routine increases in salary or responsibility, for instance, are not enough. *Harrison*, 917 F.2d at 198. However, where an employee has the opportunity to move from a primarily consultative position that designs value added services for outside vendors to a new, primarily supervisory position that would extend the employee's responsibilities into the areas of sales and procurement as well, that employee has the opportunity for a "new and distinct relation" with his employer as a matter of law. Other courts have found opportunities for a "new and distinct relation" in cases with obviously

less significant promotions at issue, *see, e.g., Mallory v. Booth Refrigeration Supply Co.*, 882 F.2d 908, 910 (4th Cir. 1989) (*cited with approval in Harrison*, 917 F.2d at 198) (promotion from billing clerk to supervisor), and in cases with very similar promotions, *see, e.g., Smith v. Aaron's Inc.*, 325 F.Supp. 2d 716, 723 (E.D. La. 2004) (promotion from customer service representative to sales manager).

Therefore, under *Jones*, 541 U.S. at 371, Texas' two-year statute of limitations applies. The latest date Plaintiff could have been on notice of any denial of promotion to the Manager SR&P positions was July 2003, when he learned that the second of the two such positions had been given to Kristine Moore. (*See* Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 7.)  Yet Plaintiff did not file suit until November 23, 2005. Therefore, Plaintiff's claim for race discrimination based on Defendants' failure to promote him to Manager SR&P is barred by Texas' two-year statute of limitations.

### III.    Promotion in Pay Grade

Plaintiff's claim for race discrimination based on Defendants' alleged refusal to promote Plaintiff in pay grade in 1997 is also barred as untimely. As explained in the Court's earlier Memorandum and Order granting summary judgment, the Supreme Court recently determined that a pay-setting decision is a "discrete act," and therefore statutes of limitations relating to pay-setting decisions begin to run when that act occurs. (*See* Doc. No. 44 at 8-9 (discussing *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162, 2165 (2007))).  Although *Ledbetter* dealt with the limitations periods under Title VII rather than § 1981, all of its rationale regarding the importance of repose and the difficulty of determining intent many years after the pay-setting decision occurred apply

equally well under § 1981. There is therefore little doubt that the holding in *Ledbetter* extends to the § 1981 context. *Accord Malone v. Bodycote Heat Treating*, No. H-04-3940, 2007 WL 2572177, slip op. at 4 (S.D. Tex. Sep. 4, 2007) (citing *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir.1992), *Chapman v. Homco*, 886 F.2d 756, 758 (5th Cir.1989), and *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir.1986) for the proposition that "the Fifth Circuit has clearly held that a plaintiff's discrimination claim accrues on the date of the discriminatory act, not some future day when the plaintiff knows or should know that the act may have been motivated by discriminatory animus"); *Longmire v. Wyser-Pratte*, No. 05 Civ. 6725, 2007 WL 2584662, slip op. at 13 (S.D.N.Y. Sept. 6, 2007) (applying *Ledbetter* in the § 1981 context). Because this case was filed approximately eight years after Defendants' allegedly discriminatory pay-setting act, the Court need not decide whether the relevant statute of limitation is two or four years under *Jones*, 541 U.S. 369. Either way, the claim is untimely and therefore barred.

## IV.    Discriminatory Compensation

Finally, Plaintiff offers such scant evidence in support of his claim that he was discriminated against in compensation because of his race that, as a matter of law, he cannot prevail.

Plaintiff claims that he was paid a lower wage than four non-African American employees with similar job responsibilities, namely, Rick Downes, Randy Segotta, Billy Euell, and Jan Boteman. (Pl.'s Supp. Resp. to Defs.' Mot. Summ. J., Doc. No. 57, at 17; Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 10-11.) In support of this claim, Plaintiff offers two pieces of evidence. First, he references "Exhibit D" to his Response

- 7 -

(Doc. No. 39), which is a one-page table labeled "2003 – 2005 Salary Data" and stamped "confidential."  (Ex. D, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 60.[1])  The table lists seven employees, including Plaintiff, Downes, and Segotta, and purports to show the salaries for each employee from 2003 to 2005.  The exhibit, however, makes no mention at all of either Euell or Boteman.[2]  Nor does the exhibit have any indicia of its source.  There is nothing to suggest that the table is a company document or otherwise authoritative in any way, and except for the stamp of "confidential" and an unexplained file code at the bottom of the document, "EBG(045)-0418)," there is no way to determine the document's relevance or importance.  Plaintiff could have interpreted the document for the Court in its pleadings, or at least explained the document's origin, but he did not.[3]  The exhibit therefore offers little, if any, support to the Plaintiff's claim, even when viewed in the most favorable light possible.

Plaintiff's other piece of evidence in support of his compensation claim is his own affidavit, in which makes various allegations of discriminatory compensation decisions.  (Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 9.)  This affidavit fails to support his claim for all of the reasons provided above in the Court's discussion of Plaintiff's for Defendants' failure to promote him to Category Manager of IT Software

---

[1] Although Plaintiff's Response references "Exhibit D," no such exhibit was attached to that filing. Instead, Exhibit D was filed independently more than five months later, after the Court's Memorandum and Order, after Plaintiff's Motion for Reconsideration, and after both Plaintiff and Defendants had filed their supplemental briefs. (*See* Pl.'s Exhibit D re Resp. to Mot., Doc. No. 60.)

[2] The Court notes that while Plaintiff's briefs list Downes, Segotta, Euell, and Boteman, his affidavit lists Downes, Segotta, Jan Dancer, and Ann Perrin when discussing the compensation claim. (Ex. A, Pl.'s Resp. to Defs.' Mot. Summ. J., Doc. No. 39, at 9.) It is possible that the briefs erroneously list Euell and Boteman rather than Dancer and Perrin; this is especially likely given that Exhibit D lists purported salaries for Dancer and Perrin but makes no mention of Euell and Boteman. In the nearly six months since Plaintiff's Response brief, however, Plaintiff has not alerted the Court to any such error. On the contrary, Plaintiff made the same representation in his Supplemental Response (Doc. No. 57). Furthermore, even if the Plaintiff were to have corrected the mistake, if indeed it was a mistake at all, the Exhibit would still fail to support Plaintiff's claim for the other reasons offered herein.

[3] Nor did Plaintiff offer any explanation when he filed the exhibit. *See* Pl.'s Exhibit D re Resp. to Mot. (Doc. No. 60).

and Category Manager of IT Hardware, *infra*.   As noted above, "unsubstantiated assertions are not competent summary judgment evidence."  *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  At the summary judgment phase, if Plaintiff can offer only bare allegations in his own affidavit and an entirely unauthenticated, unexplained spreadsheet in support of his claims, then even when this evidence is viewed in the light most favorable to Plaintiff, no genuine issue of material fact exists with regard to these claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and no reasonable jury could find that Plaintiff has established the *prima facie* case of discrimination required to support them, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Summary judgment is therefore granted for Defendants with regard to these claims.

## V.     Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED** in its entirety.  Plaintiff's claims are **DISMISSED WITH PREJUDICE.** Consequently, the Court has no need to reach Defendants' Objections to Affidavit of Thomas A. Nash (Doc. No. 58), and those objections are **DENIED AS MOOT**.  Finally, Plaintiff's Motion for Extension of Time to File Appeal (Doc. No. 49) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 14th day of December, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT